UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 1:12-CR-80 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| DARIEN HOUSTON | ) | |

**MEMORANDUM & ORDER**

Before the Court is Defendant Darien Houston's ("Defendant") second motion to suppress (Court File No. 49). Although Defendant's motion was untimely--as was his first motion to suppress, which this Court subsequently denied (Court File Nos. 44, 45)--the Court granted Defendant's motion for leave to file. Defendant seeks to suppress all evidence seized when the search warrant was executed on May 31, 2012. He contends the officers failed to "knock and announce" their presence in violation of his Fourth Amendment rights. The Government filed a response in opposition to Defendant's motion (Court File No. 51).[1]

Defendant's motion was referred to United States Magistrate Judge Susan K. Lee, who filed a report & recommendation ("R&R") recommending Defendant's motion be denied (Court File No. 54). Defendant timely objected (Court File No. 55). For the following reasons, the Court will **ACCEPT** and **ADOPT** the R&R (Court File No. 54) and **DENY** Defendant's motion to suppress (Court File No. 49).

Defendant objects to the magistrate judge's R&R because she denied his request for an evidentiary hearing and because she recommended the Court deny his motion. Defendant contends his version of the facts differs from the Government's. Therefore, a hearing is warranted.

---

[1] The Government also objected to Defendant's motion for leave to file the late motion to suppress (Court File No. 48).

Specifically, Defendant contends:

> at approximately 5:00 or 5:30 a.m., officers let themselves into the residence by use of a passkey, crept quietly through the residence, up the stairs to the bedroom where he slept, then started yelling for him and his companion to get up. Officers did not announce who they were.

(Court File No. 55 at 1). The Government, on the other hand, claimed in its prior responses that it had evidence establishing the officers not only used a passkey but announced their presence (Court File Nos. 48, 51).[2] Defendant argues the magistrate judge erred by not having a hearing to establish the facts on the record. He also claims this evidence is necessary to determine whether the exclusionary rule should apply to the evidence seized during the search.

The parties were given an opportunity to brief the issues and lay out the material facts for the magistrate judge's consideration. However, as noted by the magistrate judge, even if all of Defendant's facts are accepted as true and the Court concluded the Government failed to "knock and announce" (with or without a hearing), the Court still cannot grant Defendant the remedy he seeks. In *Hudson v. Michigan*, 547 U.S. 586, 594 (2006), the United States Supreme Court declared that the exclusionary rule did not apply to violations of the knock-and-announce rule. In explaining its decision, the Supreme Court noted "[w]hat the knock-and-announce rule has never protected . . . is one's interest in preventing the government from seeing or taking evidence described in a warrant. Since the interests that were violated in this case have nothing to do with the seizure of the evidence, the exclusionary rule is inapplicable." *Id.* at 594. Here, law enforcement had a warrant to search the

---

[2] The Government also averred that, assuming *arguendo*, there was a knock and announce violation, suppression still could not be the remedy making a hearing on the factual question unnecessary. The Government's argument was much aligned with the magistrate judge's conclusions in the R&R.

residence.[3] Therefore, even assuming the Government failed to knock and announce its presence, *Hudson* controls and suppression cannot be a remedy. *See United States v. Williams*, 272 F. App'x 473, 477 (6th Cir. 2008) ("Because suppression is not an available remedy for Williams's knock and announce claim, we need not consider whether the SWAT team was required to announce its presence and therefore deny Williams's claim."); *see also United States v. Ferguson*, 252 F. App'x 714, 720 (6th Cir. 2007) ("Because we conclude that *Hudson* applies to bar the suppression of evidence in this case, we need not address the district court's factual determination that the officers did knock and announce, or the reasonableness of the procedure that the officers used.").[4]

Accordingly, because the Court reaches the same conclusion as the magistrate judge regarding the inapplicability of the exclusionary rule to the instant matter and because holding a hearing would not change the legal conclusion that must be reached, the Court **ACCEPTS** and **ADOPTS** the R&R (Court File No. 54) and **DENIES** Defendant's motion to suppress (Court File No. 49).

**SO ORDERED.**

**ENTER:**

---

[3] In fact, the search warrant was the subject of Defendant's first motion to suppress. The magistrate judge held an evidentiary hearing on those issues and this Court ultimately accepted and adopted the magistrate judge's recommendation to deny Defendant's first motion to suppress.

[4] As has been noted by other courts, to the extent Defendant believes his Fourth Amendment rights were violated due to a failure to knock and announce, an appropriate remedy would be to bring a civil action pursuant to 42 U.S.C. § 1983. *United States v. Williams*, 272 F. App'x 473, 476-77 (6th Cir. 2008) (citing *Hudson*, 547 U.S. at 597-98).

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**